IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUANA S. FLORES, Plaintiff, v. TYSON FOODS, INC., Defendant. | ) | 4:12CV3089 **MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's Motion to Compel. (Filing No. 36.) For the reasons set forth below, the court will grant Plaintiff's Motion to Compel to the extent it is consistent with this Memorandum and Order.

## I. BACKGROUND

Plaintiff served discovery requests on Defendant on July 9, July 23, July 24, and August 22, 2012. (Filing Nos. 15, 16, 17, 18, 19, 26, 27, and 28.) Defendant served its responses and objections to these discovery requests on August 6, August 21, August 22, and September 24, 2012. (Filing Nos. 22, 23, 24, and 40.)

On September 6, 2012, Plaintiff filed a Motion to Compel. (Filing No. 36.) Plaintiff's Motion is very general, and does not specify which of her discovery requests Defendant failed to respond to. However, Plaintiff attached a copy of Defendant's responses to her discovery requests. (*Id.* at CM/ECF pp. 2-30.) It is apparent from these responses that Defendant has objected to most of Plaintiff's discovery requests on the basis that they are vague, ambiguous, unclear, overly broad, unduly burdensome, or a combination of all of these things. (*Id.*) The court notes from Plaintiff's filings that she struggles to read and write in the English language, and is being assisted by an interpreter.

Defendant filed a Brief in opposition to Plaintiff's Motion to Compel. (Filing No. 39.) In its Brief, Defendant argues that (1) it has sufficiently answered Plaintiff's written discovery requests, (2) Plaintiff failed to confer with Defendant prior to filing her Motion to Compel, and (3) even if the court determined Defendant had not sufficiently answered Plaintiff's discovery requests, Plaintiff's Motion to Compel is far too general for Defendant to determine how to remedy any alleged deficiency. (*Id.* at CM/ECF pp. 2-3.)

On October 1, 2012, Plaintiff filed a Response to Defendant's Brief in which she states that she has rewritten her discovery requests in response to Defendant's numerous objections. (Filing No. 41.) She does not set forth whether she has served the rewritten discovery requests on Defendant.

## II. DISCUSSION

The court cannot determine from the record whether Plaintiff has provided Defendant with the rewritten discovery requests mentioned in her Response. Thus, on the court's own motion, it will extend the discovery deadline to October 31, 2012, in order to allow Plaintiff to do so. To the extent Plaintiff has served the rewritten discovery requests on Defendant, the court will order Defendant to respond to Plaintiff's rewritten discovery requests by October 31, 2012, or within 30 days of receiving the rewritten discovery requests, whichever date is later. If, after receiving Defendant's responses, Plaintiff believes Defendant has not sufficiently answered the discovery requests, Plaintiff may renew her Motion to Compel. However, in her renewed motion, *she must specify what questions Defendant failed to answer, and what documents she seeks that Defendant failed to provide. She must also confer with defense counsel prior to filing a motion to compel a file a supporting affidavit as required by the local rules.*

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Compel (Filing No. 36) is granted to the extent it is consistent with this Memorandum and Order.

2. Plaintiff has until October 31, 2012, to serve her rewritten discovery requests on Defendant, if she has not already done so.

3. Defendant is ordered to respond to Plaintiff's rewritten discovery requests by October 31, 2012, or within 30 days of receiving the requests, whichever date is later.

4. Plaintiff may renew her Motion to Compel if, after receiving Defendant's responses, she believes Defendant has not sufficiently answered her requests. In this Motion, Plaintiff must specify what question(s) Defendant failed to sufficiently answer, and what document(s) Defendant failed to provide.

5. The progression deadlines are extended as follows:

    a. All depositions, whether or not they are intended to be used at trial, shall be completed by **January 7, 2013**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before **October 31, 2012**.

    b. Motions to compel discovery shall be filed on or before **January 7, 2013**.

    c. All dispositive motions shall be filed on or before **February 22, 2013**. The parties must comply with the provisions of NECivR 7.0.1 and NECivR 56.1 when filing summary judgment motions.

      d. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **April 25, 2013**. The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **May 8, 2013**. Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **May 22, 2013**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

e. The Final Pretrial Conference will be held before the Magistrate Judge on **May 30, 2013, at 10:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

6. The clerk's office is directed to set a pro se case management deadline in this case using the following text: Pretrial conference to be held **May 30, 2013**.

DATED this 12th day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.