IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUANA S. FLORES,<br><br>                Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC.,<br><br>                Defendant. | 4:12CV3089<br><br>**ORDER** |

       This matter is before the Court on the Plaintiff's Motion to Request Order for Protection of Discovery, (Filing No. 56), Motion to Compel, (Filing No. 69), and Motion for Sanctions, (Filing No. 75); and the Defendant's separate Motion for Protective Order, (Filing No. 63). For the reasons discussed below, Plaintiff's Motion to Request Order for Protection of Discovery is granted in part and denied in part, the Motion to Compel is denied, the motion for sanctions is denied, and the defendant's Motion for Protective Order is granted.

### BACKGROUND

       On May 4, 2012 Plaintiff, a former employee of Defendant, Tyson Foods, Inc., filed a pro se Complaint against Defendant alleging civil rights violations and employment discrimination. (Filing No. 1). Discovery began on July 9, 2012. On September 6, 2012, Plaintiff filed a Motion to Compel, but did not specify to which of her discovery requests Defendant failed to respond. (Filing No. 36). On October 12, 2012, the Court granted Plaintiff's Motion to Compel to the extent Plaintiff had served her rewritten discovery requests on Defendant. (Filing No. 42). As part of its order, the Court said it would permit Plaintiff to renew her Motion to Compel if Defendant's responses to Plaintiff's rewritten discovery requests were not sufficient. Id. However, if Plaintiff renewed her Motion to Compel, the Court said that "*she must specify what*

*questions Defendant failed to answer, and what documents she seeks that Defendant has failed to provide. She must also confer with defense counsel prior to filing a motion to compel and file a supporting affidavit as required by the local rules.*" Id. (emphasis in original). Since the Court's conditional order granting Plaintiff's Motion to Compel, Plaintiff and Defendant have submitted several additional motions, including Plaintiff's renewed Motion to Compel.

On November 2, 2012, Defendant filed a Notice of Intent to Issue Subpoenas for medical records and employment history. (Filing No. 46). The subpoena seeking medical records would require,

> Plum Creek Medical Group, P.C. to produce any and all documents and medical records in its possession, custody, or control, including, but not limited to, any office records, correspondence (including e-mail), notes, reports, statements of charges incurred/services rendered, memoranda, charts, medication records, and any other records prepared in connection with the care, treatment, counseling and observation of Juana S. Flores from January 1, 2000 to the present, including, but not limited to, all such records relevant to or arising out of any medical or psychological care provided to or sought by Juana S. Flores.

Id. Defendant also gave notice of its intent to issue Subpoenas Duces Tecum on Affiliated Foods Midwest Cooperative, Inc., Casey's General Stores, Inc., All-Points Cooperative, Lahm's Dairy Queen Braizer, Barmore Drug Stores, Inc., and Mead Lumber Company, Inc. These subpoenas would,

> require these entities to produce any and all information, including but not limited to all applications, interviews, communications, employment, personnel, payroll, medical, performance, discipline, available benefits, wages, salary, retirement plans, retirement contributions, earnings, compensation, insurance or other records and written memoranda, now in its possession concerning Juana S. Flores from September 2010 to the present.

Id. Plaintiff denies receiving notice of Defendant's intent to issue these subpoenas. (Filing No. 76).

On November 21, 2012, Plaintiff filed a Motion to Request Order for Protection of Discovery. (Filing No. 56). This motion sought to protect from disclosure medical records on the basis that they are "private and irrelevant to the case," and IRS records on the basis that it would disclose third-party information. Id. On November 28, 2012, Defendant met and conferred with Plaintiff regarding a request that she agree to entry of a protective order. (Filing No. 61). This order would allow for discovery of the information she requested subject to limitations on disclosure to the public or third-parties. Id. Plaintiff did not agree to Defendant's proposed protection order.

In response, Defendant filed its own Motion for Protective Order on December 6, 2012 seeking to put limitations on the disclosure of the following documents:

i. Tyson's company policies and procedures;

ii. Tyson's proprietary business or financial information;

iii. Documents and information pertaining to individuals outside of Plaintiff that were or are employed by Tyson or a non-party;

iv. Plaintiff's financial information; and

v. Information related to the medical care and treatment of Plaintiff

(Filing No. 63).

After serving her rewritten discovery requests on Defendant and not receiving responses she felt were sufficient, Plaintiff renewed her Motion to Compel on December 13, 2012, pursuant to the Court's October 12th Order. (Filing No. 69). On December 19, 2012, Plaintiff submitted a letter to the Court alleging she had never received notice of

3

Defendant's intent to issue subpoena filed on November 2, 2012. (Filing No. 75). Plaintiff seeks sanctions against Defendant for allegedly failing to give notice to Plaintiff. (Filing No. 75).

Each of these motions will be discussed in turn below.

## LEGAL ANALYSIS

### I. Plaintiff's Motion to Request Order for Protection of Discovery

The Federal Rules of Civil Procedure provide for broad discovery. Under Fed. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Thus, although the Federal Rules permit broad discovery, the discovery sought must be nonprivileged and relevant. Plaintiff alleges that her medical records and tax returns are both privileged and irrelevant. Plaintiff has moved this court for a protective order prohibiting disclosure of these documents to Defendant.

Fed. R. Civ. P. 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Such an order may include, among other things, "(A) forbidding the disclosure or discovery[,]" or "(D) forbidding inquiry into certain matters[.]" Id. On a motion for a protective order, the moving party bears the burden to "show the necessity of [the protective order's] issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65." Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). When assessing

the necessity of a protective order, the court "must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." Id.

For the reasons set forth below, this Court finds that Plaintiff's medical records and tax returns are neither privileged nor irrelevant. Moreover, Plaintiff has not articulated good cause for entry of a protective order that would prohibit discovery of these documents. Plaintiff's Motion to Request Order for Protection of Discovery is, therefore, denied to the extent explained below.

### A.  Medical Records.

Defendant contends that Plaintiff's medical records are relevant and discoverable, and that "Plaintiff has not articulated good cause for an entry of a protective order to wholly prevent such discovery." (Filing No. 61). Defendant argues that "Plaintiff has placed her psychological state at issue by seeking damages for emotional distress." Id. According to Defendant, Plaintiff placed her psychological state at issue when she responded to Defendant's discovery requests in which she indicates she intends to seek damages for emotional distress and posttraumatic stress. Id. Similarly, Defendant specifically states that Plaintiff placed her psychological state at issue "by including documents claiming a diagnosis of posttraumatic stress disorder from a licensed independent mental health practitioner." Id.

Generally, the psychotherapist-patient privilege attaches to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." Jaffee v. Redmond, 518 U.S. 1, 15 (1996). However, a plaintiff waives this privilege, and discovery is permitted, when she places her medical condition at issue. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000); see also Young v. Dornan, 2008 WL 4372819 at *2 (D. Neb. Sept. 23, 2008). With respect to the scope of

5

such waiver, a "[d]efendant is entitled to discover to what extent the plaintiff's mental condition, prior to the alleged harassment, may have contributed to any emotional distress for which they now seek" recovery Sandoval v. Am. Bldg. Maint. Indus., Inc., 2006 WL 6607858 at *4 (D. Minn. Sept. 21, 2006).

Although a plaintiff does not place her physical or psychological condition at issue by asserting "garden variety" claims for emotional distress damages, Plaintiff here alleges damages associated with posttraumatic stress disorder. See Womack v. Wells Fargo Bank, N.A., 275 F.R.D. 571, 573 (D. Minn. 2011) (finding that plaintiff in Title VII case did not place her psychological state at issue when she did not allege a specific mental disorder). To the extent the requested discovery relates to damages associated with posttraumatic stress disorder, the plaintiff has placed her psychological state at issue.

Plaintiff contends that Defendant is not entitled to discover information about "mammograms, pap smears, births, etc." (Filing No. 73). This might be true if Plaintiff was seeking damages for pure emotional distress, without the co-existence of a psychological disorder that can arise from any number of traumatic life experiences. However, as raised in this case, the defendant is entitled to discovery regarding not only the existence but any other possible cause of the plaintiff's alleged post-traumatic stress disorder.  As such, Defendant is entitled to review Plaintiff's medical history to determine whether the posttraumatic stress disorder began prior to or for reasons other than the incidents alleged in Plaintiff's Complaint. E.E.O.C. v. Woodmen of World Life Ins. Soc'y., 2007 WL 649298 at *3 (D. Neb. Feb. 1, 2007) (explaining "information in the records may shed light on other contributing causes of [Plaintiff's] claims of emotional distress.").

Because Plaintiff has placed her psychological state at issue, her medical records are relevant to determine damages. Similarly, because Plaintiff has placed her

6

psychological state at issue, she has waived the psychotherapist-patient relationship insofar as her medical records might relate to posttraumatic stress disorder. Plaintiff's posttraumatic stress disorder could have been caused by a number of different life events over the course of several years—prior to or after Plaintiff's alleged injury. As such, Defendant is entitled to discover Plaintiff's medical records. Thus, Plaintiff's assertion that her medical records are protected and irrelevant is without force, and she has not shown good cause for such an entry.

Plaintiff's primary concern about disclosing her medical records seems to be based on the same reason she will not consent to entry of the protective order proposed by Defendant. In her brief, Plaintiff explained this concern: "The Defendant states that the information won't be revealed to the public. I do not believe that is true. I am sure everyone from Tyson will find out, and the rest of Lexington, Ne. Remember that they do not have ethic." (Filing No. 73).  The plaintiff's argument does not set forth a "a particular and specific demonstration of fact," but rather relies on "stereotyped and conclusory statements." Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (citation omitted) (internal quotation marks omitted).

Plaintiff's concern that Defendant might disclose her medical records is without merit because if Defendant disclosed documents subject to a protective order from this Court, Defendant's conduct would merit sanctions under Fed. R. Civ. P. 37(b). Thus, Plaintiff's concerns would not be without recourse if these documents were subject to Defendant's proposed protective order. Absent a more particular and specific demonstration of fact, this Court cannot find the good cause necessary for entry of Plaintiff's protective order in its entirety.

However, Defendant's seeks all medical documents since January 31, 2000—over thirteen years of medical records. Although Plaintiff has placed her psychological state at

issue, not all documents Defendant's seeks are reasonably calculated to lead to discoverable evidence. Having considered the matter, the court finds the defendant is, however, entitled to Plaintiff's medical records for five years preceding the date of the alleged injury. Defendant is, therefore, entitled to Plaintiff's medical records from September 1, 2005 to present. To the extent Plaintiff seeks to avoid all production of these documents, her motion is denied.[1] Plaintiff's Motion to Request Order for Protection of Discovery is granted as to her medical records dated before September 1, 2005.

### B. Tax Records.

Defendant argues that "Plaintiff has placed her loss of income at issue and therefore rendered her tax records discoverable." (Filing No. 61). This Court has noted that "'[c]ourts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery.'" E-P Int'l Distribution Inc. v. A & A Drug Co., 2009 WL 1442534 at *5 (D. Neb. May 21, 2009) (quoting Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216 (W.D.Va.1997)). However, "many courts require a heightened showing of relevance and necessity before ordering the disclosure of such information." *Id.* To determine whether this heightened showing has been met, most courts apply a two-part test. Id.; see also E.E.O.C. v. Ceridian Corp., 610 F. Supp. 2d 995, 996-97 (D. Minn. 2008) (citing jurisdictions applying the two-part test); PSK, L.L.C. v. Hicklin, 2010 WL 2710507 (N.D. Iowa July 8, 2010) (noting that most courts in the Eighth Circuit have adopted the two-part test).

Under this test, a court first asks whether the tax returns are relevant. E-P Int'l Distribution Inc. v. A & A Drug Co., 2009 WL 1442534 at *5 (D. Neb. May 21, 2009). If

---

[1] As set forth in Section IV of this opinion, the medical records produced by Plaintiff will be subject to a Protective Order that requires the defendant to keep Flores' medical records confidential.

8

the answer is yes, "then the question becomes whether there is a compelling need for the returns." Id. In assessing whether there is a compelling need, "a court examines whether the information in the returns is readily obtainable from another source." Id. When applying this test, "[t]he party seeking discovery has the initial burden to show that the tax returns are relevant. The burden then shifts to the adverse party, to show the information in the tax returns is more readily obtainable elsewhere." E.E.O.C. v. Ceridian Corp., 610 F. Supp. 2d 995, 997 (D. Minn. 2008).

Defendant Tyson Foods had the initial burden to show that the tax returns were relevant. Defendant has met this burden. Because Plaintiff alleges constructive discharge as an adverse employment action, she was required to mitigate damages, and her post-termination earnings may show whether she satisfied this obligation. Sellers v. Mineta, 358 F.3d 1058, 1066. (8th Cir. 2004). As the District of Minnesota has recognized, "[t]ax returns are evidence of an employee's earnings, and therefore, they are relevant to these issues." E.E.O.C. v. Ceridian Corp., 610 F. Supp.2d at 996.

Once this first prong has been satisfied, the burden shifts to the other party to show the information contained in the tax returns "is more readily obtainable elsewhere." Id. at 997. Plaintiff has not met her burden. Plaintiff claims her tax returns are "private and are irrelevant to the case," at least in part because she believes these documents contain information of third-parties. (Filing No. 56). She does not, however, suggest that her income information is more readily obtainable elsewhere.

Defendant states that it has received documents showing "dozens of jobs for which Plaintiff claims she applied." (Filing No. 61). In order for Defendant to determine the extent to which Plaintiff has attempted to mitigate damages, Defendant has requested Plaintiff's tax returns. Because Plaintiff has not provided the requested information in another form, or indicated where this information might be more readily obtained,

9

Defendant would have to subpoena each of the "dozens" of companies identified by the plaintiff to determine Plaintiff's attempts to mitigate damages. This is an unduly burdensome task. Defendant is therefore entitled to Plaintiff's tax returns. And Plaintiff's Motion to Request Order for Protection of Discovery is denied as it relates to Plaintiff's tax returns.[2] Defendant, however, is ordered to pay the costs of obtaining Plaintiff's tax returns as indicated in its October 5, 2012 letter to Plaintiff. (Filing No. 62-4).

## II.     Plaintiff's Motion to Compel.

Under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Id. The parties in this case have conferred with one another on numerous occasions through discovery requests, responses, and supplemental letters. Plaintiff's present motion seeks to compel Defendant to respond to certain interrogatories, requests for admissions, and requests for production of documents. Plaintiff's present motion also seeks to have Defendant swear by affidavit or affirm that Defendant's responses to certain discovery requests are true and accurate.

Although Defendant has responded to Plaintiff's requests, Plaintiff does not believe that Defendant has satisfactorily responded to these requests. It appears Plaintiff's dissatisfaction stems not from Defendant's failure to comply with the Federal Rules, but from Defendant not responding with the answers she wants. After careful review of the discovery requests, responses, and briefs, this Court concludes that Defendant has fully

---

[2] As with Plaintiff's medical records, her tax records will be subject to a protective order maintaining the confidential nature of those documents. See Section IV, infra.

responded to and answered Plaintiff's discovery requests through initial and supplemental responses. Plaintiff's Motion to Compel is therefore overruled.

Insofar as Defendant has not produced certain documents because the parties have been unable to reach an agreement on a protective order, Defendant will be required to provide the documents requested by Plaintiff subject to Defendant's protective order, as is more fully discussed below. The Court agrees with Defendant that requests related to "immoral complaints" against Aurelio Barrios' should be limited to sexual harassment complaints and retaliation resulting from sexual harassment complaints. See E.E.O.C. v. Woodmen of the World Life Ins. Soc'y, 2007 WL 1217919 (D. Neb. Mar. 15, 2007).

This Court declines to award Defendant attorney's fees under Fed. R. Civ. P. 37(a)(5)(B) for defending against Plaintiff's Motion to Compel. However, the request is denied without prejudice to the Defendant reasserting its request if Plaintiff continues requesting the same information.

### III. Plaintiff's Motion for Sanctions.

Plaintiff requests this Court to impose sanctions against Defendant for allegedly lying about providing Plaintiff notice of its intent to serve third-party subpoenas. Defendant filed a Notice of Intent to Issue Subpoenas on November 2, 2012. (Filing No. 46). Defendant attached a Certificate of Service representing a copy of the Notice was mailed via first class, United States Mail, postage prepaid to the plaintiff. The plaintiff asserts she did not receive a copy. The plaintiff's assertion that the defendant lied about serving the Notice on her is unsupported by any evidence of sanctionable conduct. Accordingly, the plaintiff's motion for sanctions will be denied.

Defendant' request for attorney's fees for defending against Plaintiff's Motion for Sanctions is likewise denied.

## IV. Defendant's Motion for Protective Order.

As noted above, Fed. R. Civ. P. 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Such an order may include, among other things, "(B) specifying terms, including time and place, for the disclosure or discovery[,]" and "(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Id. Defendant seeks to put limits on the disclosure of certain information it contends is confidential in order to prevent prejudice or harm to either party. (Filing No. 64).

The party moving for a protective order bears the burden to "show the necessity of [the protective order's] issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65." Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). When assessing the necessity of a protective order's issuance the court "must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." Id.

Defendant's Motion for Protective Order seeks to limit the use and disclosure of the following:

      i.     Tyson's company policies and procedures;
     ii.     Tyson's proprietary business or financial information;

      iii.    Documents and information pertaining to individuals outside of Plaintiff that were or are employed by Tyson or a non-party;

      iv.    Plaintiff's financial information; and

      v.    Information related to the medical care and treatment of Plaintiff.

(Filing No. 63).

In order to prevent harm to Defendant's business interest and to prevent embarrassment or invasion of Plaintiff's privacy, this Court finds that Defendant has demonstrated good cause for entry of a protective order limiting the access to this information to only specified individuals. Defendant's motion will not result in hardship to Plaintiff and it is hereby granted in its entirety.

    IT IS THEREFORE ORDERED that:

1) Plaintiff's Motion to Request Order For Protection of Discovery (Filing No. 56) is granted in part and denied in part.

2) Plaintiff's Motion for Sanctions (Filing No. 75) is denied.

3) Plaintiff's Motion to Compel (Filing No. 69) is denied.

4) Defendant's Motion for Protective Order (Filing No. 63) is granted with the following limitations on the disclosure and use of Confidential Information by any party or non-party:

      a.    Confidential Information shall include, but not be limited to, any document, file, electronic material, portions of files, transcribed testimony or responses to discovery requests, including any extract, abstract, chart, summary, note or copy made therefrom containing or comprising:

          i.    Tyson's company policies and procedures;

      ii.      Tyson's proprietary business or financial information;

      iii.     Documents and information pertaining to individuals outside of Plaintiff that were or are employed by Tyson or a non-party;

      iv.     Plaintiff's financial information; and

      v.      Information related to the medical care and treatment of Plaintiff

b. The terms of the Protective Order should apply to Confidential Information produced by Plaintiff, Tyson, and any non-party who produces documents as a result of discovery subpoenas or other requests, including, but not limited to, information or materials marked "Confidential," already produced.

c. The terms of the Protective Order should apply to the parties and each and every attorney with the law firms representing any party in this case.

d. Where any kind of Confidential Information is produced, provided or otherwise disclosed by a party or a non-party in response to any discovery request or subpoena, such Confidential Information should be designated as such by stamping "CONFIDENTIAL" on the documents that will be covered by the Protective Order, and such stamp shall be preserved on the copies of such documents, including, but not limited to, pages of any deposition transcript or exhibit which discloses or discusses the protected information. Such documents, information or materials may be designated as Confidential only if they are not otherwise publicly available.

e. The Protective Order shall be without prejudice to the right of any of the parties to this action (i) to seek any further Protective Order; or (ii) by application and notice, to seek relief from any provision of the

14

        Protective Order contemplated hereby on any ground. During the pendency of any challenge to the applicability of the Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of the Protective Order.

f. Except as provided in the Protective Order, Confidential Information should not be disclosed to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts.

g. Any Confidential Information shall be treated as confidential by the parties, their attorneys and persons assisting their attorneys. The parties' attorney will inform each person to whom such Confidential Information is disclosed that such person is strictly forbidden by this Order to disclose such Confidential Information under any circumstances. If any Confidential Information covered by the protective Order is used at a deposition or in any other proceeding in this case, it shall be handled as confidential and maintained under seal from public view.

h. If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of the Protective Order and obtain a signed Confidentiality Agreement whereby such person agrees to be bound by the terms of the Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by the disclosing party or counsel for the disclosing party in a secure place and, upon request, shall

produce the same to the non-disclosing party or counsel for the nondisclosing party. If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of the Protective Order and obtain a signed Confidentiality whereby the non-trial expert agrees to be bound by the terms of the Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by the disclosing party or counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

i. If any person to whom disclosure is permitted under the Protective Order is a nonparty witness or deponent who has not signed a Confidentiality Agreement, then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person, whether such Confidential Information is contained in a deposition, brief, pleading, affidavit or other form. Confidential Information should not be used for any purpose outside the reasonable conduct of this case.

j. Confidential Information shall not be used or disclosed by the parties or their attorneys, except as necessary for the prosecution of claims in this action, and in no event shall they be disclosed to any person who is neither a party nor a potential witness to this action nor employed or consulted by a party's attorneys to assist those attorneys in the preparation of this case.

k. In the event that any party uses any Confidential Information in connection with any pretrial motion or at trial, such Confidential Information will not be made part of the public record, and the Court shall not permit disclosure of any Confidential Information or any portion thereof except as provided in the Protective Order.

l. Should a party object to the designation of documents or materials as Confidential, the objecting party shall, within 30 days, notify the opposing party or the opposing party's attorneys in writing of such objection. Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, which may conduct an *in camera* inspection of the materials. The party seeking confidentiality of this information shall have the burden of establishing that the information is entitled to confidential treatment. If the challenging party fails to apply for relief from the Court within 60 days from receipt of the confidential materials, the party will be considered to have abandoned its objection and will be estopped from any further assertion of the same.

m. Nothing contained in the Protective Order should be construed to prejudice any party's right to use at trial, or otherwise before the Court, any Confidential Information protected by the Protective Order, but any such Confidential Information should only be used, and its confidentiality protected, as determined and directed by the trial Court.

      n.      Upon final determination of this action, including all appeals, each party should be required to destroy documents or materials containing Confidential Information or return it to the party or non-party that produced it.

      o.      This Court should maintain its copies of the documents or materials containing Confidential Information protected under the Protective Order under seal and should not permit them to be inspected by the public.

      p.      Entry of the Protective Order does not constitute a waiver of any objections raised by a party to the production of any documents or information even if such documents or information are encompassed within the Protective Order.

Dated this 15th day of March, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.