IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUANA S. FLORES,

        Plaintiff,

vs.

TYSON FOODS, INC.,

        Defendant.

4:12CV3089

ORDER

This matter is before the court on several motions. The plaintiff, Juana S. Flores (Flores), proceeding *pro se*, filed a Motion to Compel (Filing No. 102). The defendant, Tyson Foods, Inc. (Tyson), filed a brief (Filing No. 118) and index of evidence (Filing No. 119) in response. Tyson filed an Objection to Plaintiff's Notice of Intent to Issue Subpoena and/or Motion for Protective Order (Filing No. 109). Tyson filed a brief (Filing No. 110) and index of evidence (Filing No. 111) in support of the motion. Flores filed a Motion in Opposition to Tyson Foods, Inc's Objection (Filing No. 114) and a brief (Filing No. 122) in response. Tyson filed a brief (Filing No. 130) in reply. Lastly, Flores filed a Motion for Subpoenas (Filing No. 113).

**BACKGROUND**

This case arises from Flores' allegations that she suffered civil rights violations and employment discrimination while working at Tyson's meat packing plant in Lexington, Nebraska. See Filing No. 1 - Complaint. On January 6, 2011, Flores filed a claim with the Nebraska Equal Opportunity Commission. *Id.* at 5, 9. According to Flores, the result of that claim was "no reasonable cause." *Id.* at 5. On February 16, 2012, the United States Equal Employment Opportunity Commission (EEOC) sent Flores a Dismissal and Notice of Rights stating "The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *Id.* at 8.

On May 4, 2012, Flores filed a *pro se* complaint against Tyson. **See** *id.* In the complaint, Flores alleges the following facts. While working at Tyson's meat packing plant, Aurelio Barrios (Barrios), Flores' supervisor, humiliated and discriminated against

Flores. *Id.* at 2. Barrios allegedly "touched [Flores'] buttocks, untied [her] frock, would always ask [her] out, and would always ask [her] to spend a night with him." *Id.* Flores complained of these events to Lupita Medrano (Medrano), "from personnel." *Id.* Medrano told Flores "to not yell at the supervisor and to do [Flores'] job well, that because of each check [Flores is] able to eat." *Id.* On September 2 and 8, 2010, Flores called the ethics hotline to complain about Barrios' actions but "they did not do anything." *Id.* Flores resigned from her job on September 8, 2010. *Id.* at 2-3. Flores alleges Barrios retaliated against Flores by counting the time it took Flores to go to the restroom and closely monitoring Flores for errors. *Id.* at 3. Barrios would also "get mad at [Flores] when [she] would ask the other supervisor for permission to go to the restroom. [Barrios] would tell [her] that it was him and only him who would decide if [she] could go or not." *Id.* Flores seeks $300,000 in damages. *Id.* at 5.

On December 13, 2012, Flores filed a motion to compel seeking, in part, "the names, addresses, and telephone numbers of individuals who gave 'immoral complaints' against Aurelio Barrios.'" **See** Filing No. 69 - Flores' December 13, 2012, Motion to Compel p. 3. On March 15, 2013, the court overruled Flores' December 13, 2012, Motion to Compel and limited production of discovery "related to 'immoral complaints' against Aurelio Barrios . . . to sexual harassment complaints and retaliation resulting from sexual harassment complaints." **See** Filing No. 83 - March 15, 2013, Order p. 11.

On May 2, 2013, Tyson produced confidential records to Flores pursuant to the court's December 13, 2012, Order. **See** Filing No. 102 - May 2, 2013, Discovery Production p. 3. As part of this production, Tyson produced an incident report that, in addition to referencing complaints that asserted claimed sexual harassment against Barrios, also referenced a sanitation incident that had been reported on May 18, 2012. *Id.* at 5. Specifically, the report included a reference to Lourdes Diaz's (Diaz) complaint to Barrios regarding a urination incident. **See** *id.*

On July 1, 2013, Flores sent a letter to Tyson requesting addresses and telephone numbers of certain witnesses. **See** Filing No. 102 - Motion; Filing No. 94 - Flores' July 1, 2013, Witness List. The witnesses are: Albina Lugo (Lugo), Claudia Vigil Hurtado (Hurtado), Adriana Swift Noriega (Noriega), Susan Varona (Varona), and Diaz.

2

See Filing No. 94 - Flores' July 1, 2013, Witness List. Flores did not provide legal justification for compelling Tyson to produce addresses but simply stated she needed to depose the witnesses. *See* Filing No. 102. On July 26, 2013, Flores sent Tyson another letter requesting the witnesses' contact information. *See* Filing No. 102 - Motion; Filing No. 97 - July 26, 2013, Letter[1]. On August 2, 2013, Flores sent a third letter to Tyson asking for the witnesses' contact information in order for Flores to prepare for depositions. *See* Filing No. 108 - Motion; Filing No. 99 - August 2, 2013, Letter[2].

On August 12, 2013, Flores filed a motion seeking to compel Tyson to provide Flores with the witnesses' contact information in order for Flores to prepare for depositions. *See* Filing No. 102 - Motion. Flores referenced her July 1, 2013, Witness List wherein she requested contact information for several witnesses. *Id.* Flores also highlighted Noriega's, Maria Ventura's (Ventura), and Diaz's names in documents attached to the motion. *Id.* p. 5, 13. Additionally, Flores highlighted "5-18-12 - incident of urination occurred on B shift" and noted she needed the names, addresses, and telephone numbers of the witnesses involved in the May 18, 2012, urination incident. *Id.* p. 5. Flores also highlighted "5-23-12 - Lourdes Diaz reported that Aurelio had not" and noted she required the names, addresses, and telephone numbers of the "other witnesses . . . explained on the witness list that [she] sent on 7-1-13." *Id.*

Also on August 12, 2013, Flores filed a notice of intent to issue subpoenas to the following individuals: Medrano, Mark Serratt (Serratt), Suzanne Reynolds (Reynolds), Bill Houston (Houston), Hurtado, Noriega, Varona, Diaz, Barrios, and Ventura. *See* Filing No. 103 - Notice of Intent to Issue Subpoena. On August 14, 2013, Flores filed a notice of intent to issue a subpoena to Maria Avila (Avila). *See* Filing No. 105 - Notice of Intent to Issue Subpoenas.

On August 19, 2013, Flores filed a letter sent to Tyson's counsel reminding counsel she did not receive "addresses and telephone numbers of the individuals in the

---

[1] In Flores' July 26, 2013, Letter, Flores referenced a witness list exchanged with Tyson on June 1, 2013. It appears Flores intended to reference the July 1, 2013, witness list exchanged with Tyson as shown in Filing No. 94 and as referenced in the instant motion. There is no record of a June 1, 2013, witness list.
[2] In Flores' August 2, 2013, Letter, Flores again referenced a witness list exchanged with Tyson on June 1, 2013.

3

documents attached in the Motion to Compel." **See** Filing No. 108 - August 19, 2013, Letter.  Flores also asked for Noriega's telephone number.  *Id.*

On August 22, 2013, Tyson filed an Objection to Plaintiff's Notice of Intent to Issue Subpoena and/or Motion for Protective Order.  **See** Filing No. 109 - Objection.  Tyson argues Flores' Notice of Intent to Issue Subpoenas (Filing No. 103) on Diaz is procedurally insufficient under Fed. R. Civ. P. 30(b)(1) because the Notice did not contain the time and place of deposition.  *Id.*  Alternatively, Tyson seeks a protective order preventing Flores from deposing Diaz because the deposition would only lead to the discovery of irrelevant and confidential information.  *Id.*  Tyson argues Diaz does not have information related to Flores' sexual harassment and retaliation complaints and therefore Diaz's deposition is outside the scope of discovery.  *Id.*

On August 23, 2013, Flores filed a motion to issue subpoenas on Barrios and Ventura.  **See** Filing No. 113 - Motion for Subpoenas.  Also on August 23, 2013, Flores filed an opposition to Tyson's Objection.  **See** Filing No. 114 - Motion in Opposition to Tyson Foods, Inc's Objection.  Flores' response is unclear, but she appears to move again to have Tyson provide contact information for witnesses Flores desires to depose.  *Id.*

On August 28, 2013, Tyson filed a brief in response to Flores' Motion to Compel which clarifies the status of Flores' discovery requests.  **See** Filing No. 118 - Response.  Tyson represents it has produced all requested information with the exception of Diaz's and the unnamed employee's contact information.  *Id.*; Filing No. 109 - Objection and Motion for Protective Order.  Tyson represents that during an August 13, 2013, telephone conversation, Tyson agreed to voluntarily produce those witnesses who were still employed by Tyson and provide addresses for those witness who were no longer employed.  **See** Filing No. 118 - Response p. 3-4, Filing No. 119-1 - Vela Aff. ¶ 5.  However, during the August 13, 2013, conversation, Tyson advised Flores that Tyson would not produce Diaz and the unnamed employee involved in a urination incident because such individuals did not have relevant information.  **See** Filing No. 118 - Response p. 3-4, Filing No. 119-1 - Vela Aff. ¶ 6.  After their conversation, Tyson sent a letter to Flores on August 13, 2013, enclosing the addresses for Noriega and Barrios and memorializing the agreed-upon deposition schedule of Flores' witnesses.  **See**

Filing No. 118 - Response p. 4, Filing No. 119-2 - August 13, 2012, Letter.  Tyson explained depositions proceeded as follows:

1. On August 19, 2013, Flores informed Tyson through its counsel that she no longer wished to depose Aurelio Barrios.  See Filing No. 119-1 - Vela Aff. ¶ 8.
2. On August 20, 2013, Flores deposed current Tyson employees Hurtado, Medrano, Avila, and Houston.  *Id.* at 9.  Tyson presented these witnesses without a subpoena.  *Id.*
3. On August 21, 2013, Flores deposed Reynolds.  *Id.*
4. Additionally, on August 21, 2013, Tyson sent Flores Noriega's last-known telephone number.  *Id.* at Ex. B.  Tyson also provided Flores with Ventura's address and telephone number since Ventura would not agree to voluntarily appear for a deposition without a subpoena.  *Id.* at 11.
5. Also on August 21, 2013, Flores informed Tyson through its counsel that Flores wanted to depose Clorinda Montanez (Montanez) and that she had changed her mind about Barrios and wanted to depose him.  *Id.* at 16.
6. Tyson agreed to produce Montanez and Serrat for deposition on August 28 or 29, 2013.  *Id.* at 13.
7. Tyson informed Flores that she will need to subpoena Barrios, Noriega, and Ventura to depose them because they no longer work for Tyson and will not appear voluntarily without a subpoena.  *Id.* at 14.

On September 3, 2013, Flores filed her brief in opposition to Tyson's Motion for Protective Order.  **See** Filing No. 122 - Response.  Flores' response is limited to the issue of deposing Diaz and the unnamed employee regarding the urination incident.  **See** *id.*  Flores argues she "think[s] that Aurelio Barrios been [sic] involved in [the urination incident].  It is relevant for discovery of this case."  *Id.*

## ANALYSIS

**A.    Motion to Compel and Objections (Filing Nos. 102, 109, 114)**

Tyson represents it provided Flores with witness contact information requested in Flores' Motion to Compel (Filing No. 102) with the exception of contact information for

the individuals involved in the urination incident, Diaz and the unnamed employee. **See** Filing No. 118 - Brief; Filing No. 119-1 - Vela Aff. ¶¶ 1-14; Filing No. 119-2, August 13, 2013, Letter. Tyson also provided several witnesses for deposition. **See** *id.* Tyson has been helpful and cooperative and appears to have resolved the majority of Flores' requests during the August 13, 2013, telephone conversation, as memorialized in the August 13, 2013, letter. **See** Filing No. 119-2 - August 13, 2013, Letter. Therefore, the remaining issue that has not been rendered moot by Tyson's compliance with Flores' requests is Tyson's objection to produce Diaz's and the unnamed employee's contact information.

Tyson argues Diaz does not have information relevant to "sexual harassment complaints and retaliation resulting from sexual harassment complaints." **See** Filing No. 110 - Brief p. 4; Filing No. 118 - Response to Motion to Compel p. 6-7. In response, Flores states she considers the individuals involved in the urination incident on May 18, 2012, and May 23, 2012, relevant to this case because Barrios may have been involved. **See** Filing No. 114 - Motion in Opposition to Tyson Food, Inc's Objection; Filing No. 122 - Response. In the event Tyson is required to produce Diaz's contact information, Tyson argues Flores' notice of intent to subpoena Diaz for deposition is procedurally insufficient because it did not contain the time and place of Diaz's deposition. **See** Filing No. 110 - Brief p. 3.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they

hope to obtain and its importance to their case. **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).

In the court's March 15, 2013, Order, the court ordered discovery into "immoral complaints" against Barrios was limited to "sexual harassment complaints and retaliation resulting from sexual harassment complaints." **See** [Filing No. 83](#) - Order. Flores has made no showing Diaz's and the unnamed employee's involvement in the urination incident is related to "sexual harassment complaints and retaliation resulting from sexual harassment complaints." In fact, Flores has made no showing this incident is relevant at all to this litigation. The incident appears to be related to sanitation and not sexual harassment. **See** [Filing No. 102](#) - Motion to Compel p. 5 (notes regarding the urination incident). Simply because Barrios was involved in some type of incident at Tyson does not make such incident relevant to this action. Therefore, because Flores only made the bare assertion Diaz's and the unnamed employee's contact information is relevant and made no showing how the information they may have is relevant, Tyson is not compelled to provide Flores with the contact information. Additionally, at this point, the court will not issue a subpoena for Diaz to appear for a deposition without a court order. Flores shall not file another notice of intent to depose Diaz without further motion and explanation that Diaz has relevant information regarding this matter.[3]

Lastly, with regard to all of Flores' notices of intent to depose witnesses, Flores should reference Fed. R. Civ. P. 30(b) and include all information required by Rule 30(b) in future notices. Flores' notices filed on August 12, 2013, (Filing No. 103), September 11, 2013, (Filing Nos. 124-127), and September 12, 2013, (Filing No. 131-136) are deficient as the notices lack Rule 30 information. Therefore, Flores' notices (Filing No. 103, 124-127, and 131-136) are quashed as insufficient. **See** *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002) (recognizing district courts have wide latitude in deciding motions to quash civil subpoenas). If Flores intends to depose these witnesses, Flores shall file the appropriate notices in accordance with Rule 30. **See, e.g.**, Filing No. 104 filed on August 14, 2013.

---

[3] The court reminds Flores that before filing motions, Flores is required to meet and confer with defense counsel to attempt to resolve Flores' requests or issues. **See** Nebraska Civil Rule 7.1(i).

**B.   Motion for Subpoenas (Filing No. 113)**

Flores seeks subpoenas commanding Barrios and Ventura to appear for depositions.  **See** Filing No. 113 - Motion.  Issuance of a subpoena to appear for a deposition is governed by Federal Rules of Civil Procedure Rule 45.  **See** Fed. R. Civ. P. 45.  Rule 45 provides, in part:

> (1) Form and Contents.
>   (A) Requirements--In General.  Every subpoena must:
>     (i) state the court from which it issued;
>     (ii) state the title of the action, the court in which it is pending, and its civil-action number;
>     (iii) command each person to whom it is directed to do the following at a specified time and place:  attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
>     (iv) set out the text of Rule 45(c) and (d).
>   (B) Command to Attend a Deposition--Notice of the Recording Method.  A subpoena commanding attendance at a deposition must state the method for recording the testimony.

Fed. R. Civ. P. 45.

Flores is not required to submit a motion for subpoenas and for that reason the motion is denied.  Assuming the motion is proper, the motion does not provide all of the necessary information required for a subpoena as set forth in Rule 45.  Specifically, Flores' motion lacks information under Rule 45(a)(1)(A)(iii)-(iv) and (B).  If Flores still desires to depose witnesses Tyson has not already produced for deposition, Flores may contact Tyson to schedule depositions for such witnesses.  If Tyson is unable to produce a witness for deposition, either because the witness no longer works for Tyson or refuses to appear for a deposition without a subpoena, Flores should complete the subpoena form located on the court's website at http://www.ned.uscourts.gov/forms and take the form to the Clerk of the District court for signature.[4]  After obtaining the signed

---

[4] The fillable form for a subpoena in a civil case is titled "Subpoena, Civil."

form, Flores is responsible for service.[5] After service, Flores should file proof of service as directed by Rule 45(b)(4).[6]

## C. Flores' Notice for a Criminal Trial

Flores filed a notice (Filing No. 117) demanding a criminal trial. This is a civil matter; therefore, this case will be tried before District Judge Joseph F. Bataillon and a jury, as demanded in Flores' Complaint. **See** Filing No. 1 - Complaint p. 6. Private citizens do not have standing to initiate federal criminal proceedings. **See *Jones v. Clinton***, 206 F.3d 811, 812 (8th Cir. 2000).

**IT IS ORDERED**:

1. Flores' Motion to Compel with Support Documents (Filing No. 102) is denied.

2. Tyson's Objection to Plaintiff's Notice of Intent to Issue Subpoena and/or Motion for Protective Order (Filing No. 109) is sustained and granted.

3. Flores' Motion in Opposition (Filing No. 114) is denied.

4. Flores' Notices (Filing No. 103, 124-127, and 131-136) are quashed.

5. Flores' Motion for Subpoenas (Filing No. 113) is denied.

Dated this 12th day of September, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[5] Rule 45(b)(1) prohibits a person who is a party to the action from serving a subpoena.
[6] "Proof of Service. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. p. 45(b)(4).