IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUANA S. FLORES,

        Plaintiff,

vs.

TYSON FOODS, INC.,

        Defendant.

4:12CV3089

ORDER

    This matter is before the court on the plaintiff's Motion to Extend Deadlines (Filing No. 142) and motion to take a second deposition of Stacey Hunt-Amos (Filing No. 143), and the defendant's Motion to Quash and/or Motion for Protective Order and Expedited Relief (Filing No. 145).

    The parties have depositions scheduled for October 4, 2013, which is the deposition deadline.  **See** Filing No. 121 - Progression Order.  The plaintiff seeks to extend the deadline to December 4, 2013, due to complications associated with scheduling depositions, serving subpoenas, and at least one witness, Susan Varona, is out on medical leave.  **See** Filing No. 142 - Motion.  Additionally, the parties continue to have disputes about the timing of depositions and other discovery matters.  Under these circumstances, the plaintiff has shown good cause to extend the discovery deadline and her motion is granted.

    The plaintiff seeks to subject her witness Stacey Hunt-Amos to a second deposition.  **See** Filing No. 143.  The defendant deposed Mrs. Hunt-Amos on August 28, 2013, because Mrs. Hunt-Amos, a licensed therapist and independent mental health practitioner, is the plaintiff's therapist.  **See** Filing No. 147 - Ex. 1(B) Depo. Tr.  On September 16, 2013, Mrs. Hunt-Amos issued an updated evaluation of the plaintiff.  **See** Filing No. 143 p. 3-6.  The plaintiff argues the second deposition is necessary due to the updated evaluation and because the defendant's counsel ignored the plaintiff's objections during the first deposition.  *Id.* at 1.  In the alternative to a second deposition, the plaintiff asks the court to "accept" the document signed by Mrs. Hunt-Amos, which was attached to her motion.  *Id.*  The court will not determine the admissibility or relevance of the document at this time.  Further, the plaintiff fails to sustain her burden

of showing a second deposition is reasonably necessary.  **See** Fed. R. Civ. P. 26(b)(2) and 30(a)(2).  Although a second deposition of Mrs. Hunt-Amos does not appear unreasonably cumulative or burdensome on the defendant, the plaintiff did not ask the witness any questions at the first deposition and the later issued evaluation does not require a second deposition.  **See** Fed. R. Civ. P. 26(b)(2).

The defendant's motion seeks to quash the plaintiff's deposition notices of Susan Varona and Mrs. Hunt-Amos.  **See** Filing No. 145 - Motion p. 1.  Further, the defendant states it wants to protect these witnesses from depositions and protect the defendant from undue burden and expense, although the defendant does not want to be precluded from re-opening its deposition should the need arise.  *Id.* at 1-2.  The motion is granted with respect to Mrs. Hunt-Amos for the reasons stated in the prior paragraph.  The defendant states Ms. Varona is the defendant's employee, however she is on medical leave and was not otherwise subpoenaed.  *Id.*; Filing No. 146 - Brief p. 10.  Ms. Varona began a medical leave of absence on January 25, 2013.  **See** Filing No. 147 - Ex. 2 Reynolds Aff. ¶ 6.  Ms. Varona is currently scheduled to return to work as an hourly, non-management employee on October 29, 2013.  *Id.* ¶¶ 5, 8.  Based on her leave, which is due to Ms. Varona's inability to work, the defendant argues it does not have the authority to require her appearance to work or appear at the deposition.  **See** Filing No. 146 - Brief p. 10.  The plaintiff states she has been in contact with Ms. Varona, who told the plaintiff the defendant has not spoken to her about a deposition.  The court finds the defendant's conduct necessitates granting the motion at this time.  The defendant, however shall work with the plaintiff to reschedule Ms. Varona's deposition after speaking to the witness about her willingness to appear at a deposition before or after her return to work.

The parties' motions, briefs, and other filings are full of additional complaints about each other's conduct with regard to scheduling and uncooperative behavior.  The court need not address these additional complaints.  The parties shall proceed with the other scheduled depositions, as noticed.  Unreasonable conduct or conflict which may arise during the depositions may be handled by the court by telephone on October 4, 2013.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Extend Deadlines (Filing No. 142) is granted.

2. The deadline for the parties to complete discovery and take depositions is hereby extended. All depositions, whether or not they are intended to be used at trial, shall be completed by December 4, 2013.

3. The plaintiff's motion to take a second deposition of Stacey Hunt Amos (Filing No. 143) is denied.

4. The defendant's Motion to Quash and/or Motion for Protective Order and Expedited Relief (Filing No. 145) is granted.

5. Counsel for the defendant shall provide a copy of this order to the plaintiff in person on October 4, 2013, prior to the depositions, or by email on October 3, 2013, if such email is available. Regardless, the Clerk of Court shall mail a copy of this order to the plaintiff pursuant to standard court procedures.

Dated this 3rd day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge