IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUANA S. FLORES,<br><br>               Plaintiff,<br><br>    vs.<br><br>TYSON FOODS, INC.,<br><br>               Defendant. | 4:12CV3089<br><br>ORDER |

      This matter is before the court on the plaintiff's, Juana S. Flores (Flores), proceeding *pro se*, Motion (Filing No. 158). The defendant, Tyson Foods, Inc. (Tyson), filed a brief (Filing No. 165) and index of evidence (Filing No. 166) in opposition. Flores also filed a motion to compel (Filing No. 167).

      This case arises from Flores' allegations she suffered civil rights violations and employment discrimination from Flores' supervisor, Aurelio Barrios (Barrios), while working at Tyson's meat packing plant in Lexington, Nebraska. **See** Filing No. 1 - Complaint. The parties have engaged in extensive discovery and have participated in several discovery disputes since Flores filed her Complaint against Tyson on May 4, 2012. The purpose of Flores' current Motion is to remind Tyson of the court's March 15, 2013, Order concerning disclosure of confidential material. **See** Filing No. 158 - Motion; Filing No. 83 - March, 15, 2013, Order. Flores moves "to stop the Defendant from soliciting information of the [Plaintiff's] past jobs." **See** Filing No. 158 - Motion. Additionally, Flores claims Tyson is humiliating Flores by sending information on available work positions at Tyson. *Id.*

      In response, Tyson represents the information referenced in Flores' motion is discovery information Tyson received and provided Flores in the interest of transparency and efficiency. **See** Filing No. 165 - Response. Tyson represents it sent a subpoena to Holiday Inn Express Hotel & Suites ("Holiday Inn"), which Flores did not object to, for Flores' employment information. *Id.* Holiday Inn responded with information on July 24, 2013, and October 24, 2013, and Tyson promptly forwarded Flores copies of the discovery provided. *Id.* Tyson represents it also subpoenaed other third parties for Flores' employment information. *Id.* Tyson argues Flores' employment information is relevant, in part, to Tyson's argument that Flores failed to mitigate damages. *Id.* Tyson also presented Flores with information on Tyson's job openings that became available after Barrios' termination through the present because it is also relevant to Flores' alleged failure to mitigate damages. *Id.* Tyson states Flores failed to confer

with Tyson's counsel prior to filing the instant motion, and, although Tyson does not seek attorney's fees for responding to the instant motion, Tyson reserves their right to request fees in the future if Flores continues to "multipl[y] the proceedings in [this] case unreasonably and vexatiously." *Id.* (**citing** 28 U.S.C. 1927[1] **and** *Wallace v. Kelley*, 4:06CV3214, 2007 WL 2248105, at *3 (D. Neb. Aug. 1, 2007) ("[T]his Court will apply [28 U.S.C. § 1927] to pro se litigants.")).

Tyson has not acted in contravention of a court order and there is no indication Tyson is attempting to humiliate Flores by providing her copies of discovery Tyson receives. Tyson is providing such discovery out of courtesy. Additionally, the discovery is relevant to Tyson's defense of mitigation of damages. The court reminds Flores of her duty under Nebraska Civil Rule 7.1 to confer with Tyson's counsel to resolve any differences *before* filing a discovery motion with this court.[2] On at least four occasions, Flores has not conferred with Tyson's counsel before filing a discovery motion. **See** Filing Nos. 36, 69, 102, and 167. Failure to adhere to NECivR 7.1 in the future will result in denial of Flores' motion without consideration and may subject Flores to paying Tyson's costs for defending the motion. The court also notes the deadline for filing discovery motions was December 4, 2013. **See** Filing No. 152 - Second Amended Order Setting Schedule for Progression of Case. For these reasons, Flores' December 5, 2013, Motion to Compel (Filing No. 167) will be denied. Accordingly,

**IT IS ORDERED**:

1. Flores' Motion (Filing No. 158) is denied.
2. Flores' Motion to Compel (Filing No. 167) is denied.

Dated this 6th day of December, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

[2] "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons." NECivR 7.1.(i).