IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**JUANA S. FLORES,**

        Plaintiff,

vs.

**TYSON FOODS, INC.,**

        Defendant.

4:12CV3089

ORDER

This matter is before the court on the defendant's, Tyson Foods, Inc. (Tyson), Motion to Change Place of Trial (Filing No. 160). Tyson filed a brief (Filing No. 161) and index of evidence (Filing No. 162) in support of the motion. The plaintiff, Juana Flores (Flores), filed a motion (Filing No. 171)[1] and brief (Filing No. 172) in opposition. Tyson filed a brief (Filing No. 173) in reply.

**BACKGROUND**

This case arises from Flores' allegations her supervisor at Tyson's meat packing plant in Lexington, Nebraska, discriminated against Flores. *See* Filing No. 1 - Complaint. Flores also alleges Tyson violated Flores' civil rights. *Id.* On May 4, 2012, Flores filed her complaint with a jury demand but without requesting a location for trial. *Id.* However, under the "Statement of Venue" section of Flores' Complaint, Flores alleges "[e]verything that happened, happened in Lexington, Nebraska. Tyson has a meat packing plant there." *Id.* at 4. Flores states she is a resident of Lexington, Nebraska. *Id.* at 1. On June 28, 2012, Tyson filed an answer generally denying Flores' allegations. *See* Filing No. 11 - Answer. Tyson did not request a location for trial. *Id.* In an Amended Order Setting Schedule for Progression of Case and a Second Amended Order Setting Schedule for Progression of Case, the court designated Omaha, Nebraska, for the place of trial. *See* Filing Nos. 121 and 152. On November

---

[1] Flores' "Motion" in response to Tyson's Motion is unnecessary and in violation of the local rules. The Civil Rules of the United States District Court for the District of Nebraska provide: "The party opposing a motion shall not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A). Nevertheless, the court will consider Flores' "Motion" in conjunction with her brief in opposition to Tyson's Motion.

21, 2013, Tyson filed the instant Motion to Change Place of Trial seeking to move trial to North Platte, Nebraska. **See** Filing No. 160 - Motion.

Tyson argues North Platte is the most convenient location for trial because Flores and Tyson's employees and representatives reside closer to North Platte than to Omaha. **See** Filing No. 161 - Brief p. 4. Tyson notes fourteen of the eighteen witnesses Flores identified are current or former employees of Tyson's Lexington, Nebraska, plant and reside in or near Lexington, which is one hour east of North Platte. *Id.* at 3, 5 (**citing** Filing No. 94 - Flores' Witness List). Additionally, Tyson states Flores' two expert witnesses and Flores herself are located in Lexington and Cozad, Nebraska.[2] **See** Filing No. 161 - Brief p. 5 (**citing** Filing No. 94 - Flores' Witness List). Tyson states the only individuals involved in this case who do not reside in or near Lexington, are Tyson's Omaha-based counsel and expert witness. **See** Filing No. 161 - Brief p. 5-6. Tyson represents Tyson's counsel and expert witness do not object to traveling to North Platte for trial. *Id.*; Filing No. 162-1 - Vela Aff. ¶ 3.

Flores argues the court should deny Tyson's request to change the place of trial because Tyson has businesses in Omaha, Nebraska, and Tyson's expert and counsel reside in Omaha. **See** Filing No. 171 - Motion in Opposition. Flores states her witnesses, including her expert witnesses, have agreed to travel to Omaha for trial. *Id.* Additionally, Flores argues Tyson's witnesses have either testified voluntarily at depositions or have been compelled to testify. *Id.*[3] Lastly, Flores contends she filed the case in Lincoln because she wanted trial in Lincoln; however, she also states she "wishes to go to trial in Omaha." **See** Filing No. 172 - Response p. 1.

In reply, Tyson argues Flores' choice of filing location, Lincoln, would have been relevant had Flores requested trial in Lincoln in her Complaint. **See** Filing No. 173 - Reply p. 1. Tyson contends the court should not give any significance to Flores' choice to file in Lincoln. *Id.* at 2. Tyson argues Flores has not rebutted Tyson's arguments in favor of moving trial to North Platte and Flores has not shown trial in Omaha is more convenient than trial in North Platte. *Id.* Tyson reasserts witnesses would only be

---

[2] Cozad, Nebraska, is approximately 45 minutes east of North Platte.
[3] The court notes all of the subpoenas Flores sent to individuals to testify at a deposition set Dawson County Courthouse in Lexington, Nebraska, as the place of deposition. **See** Filing No. 140.

sacrificing two hours of travel time to a North Platte trial versus six hours of travel time and potentially an overnight stay for a trial in Omaha.  *Id.*

## ANALYSIS

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys."  NECivR 40.1(b)(1).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a).  Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  *Id.*  Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  **See *Lyngholm v. FedEx Ground Package Sys., Inc.***, 827 F. Supp. 2d 912 (S.D. Iowa 2011).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing the transfer should be granted.  **See** NECivR 40.1(b); **see also *In re Apple, Inc.***, 602 F.3d 909, 913 (8th Cir. 2010) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  **See *In re Apple, Inc.***, 602 F.3d at 913; **see also *BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  **See *DataCard Corp. v. Softek, Inc.***, 645 F. Supp. 2d 722, 732 (D. Minn. 2007) (**citing *Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)).

Neither Flores nor Tyson designated a location for trial. Flores argues she filed this matter in Lincoln because she wanted trial in Lincoln; however, Flores conversely argues she wants to keep Omaha as the place of trial. All but one of Flores' witnesses resides in or near Lexington.[4] Lexington is approximately 64.8 miles, or one hour, from North Platte and is approximately 218 miles, or three hours and nine minutes, from Omaha. For the parties and potential witnesses, North Platte appears to be the most convenient location for trial. Although holding trial in North Platte requires Tyson's counsel and expert to travel, Flores and her witnesses would only have to travel approximately 64 miles to North Platte compared to 218 miles to Omaha. The inconvenience to Tyson's counsel and expert witness is outweighed by the convenience of the other witnesses. The court will not require eighteen individuals to travel more than three times the distance solely because Tyson's counsel and expert reside in Omaha. Holding trial in Omaha would subject witnesses to greater travel expenses and time away from home and work.

Additionally, although Flores states all witnesses are willing to travel to Omaha, Flores also seems to argue the witnesses could be compelled to testify at trial similar to compelling witnesses to attend depositions. The court reminds Flores there are limitations to subpoenaing witnesses for trial. **See** Fed. R. Civ. P. 45(c). Unless Fed. R. Civ. P. 45(c)(1)(B) applies, witnesses cannot be compelled to testify at trial more than 100 miles from the witnesses' residence or place of employment. **See** *id.* After reviewing the materials submitted by the parties, the court finds, upon consideration of all factors pursuant to NECivR 40.1(b), Tyson has carried its burden and the place of trial should be North Platte, Nebraska. Accordingly,

**IT IS ORDERED**:

1.    Tyson's Motion for Determination of Place of Trial (Filing No. 160) is granted.

---

[4] In Flores' witness list, there are eighteen witnesses named. **See** Filing No. 94 - Flores' Witness List. Flores, who names herself as one of those eighteen, lives in Lexington. Additionally, Flores' experts live in Lexington and Cozad. Tyson represents fourteen of the remaining fifteen fact witnesses reside in or near Lexington. **See** Filing No. 161 - Brief p. 5 (**citing** Filing No. 94 - Flores' Witness List). Tyson and Flores did not indicate where the fifteenth fact witness resides.

      2.      Flores' Motion in Opposition to Change Place of Trial (Filing No. 171) is denied.

      3.      The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

      4.      The Final Pretrial Conference remains scheduled for **April 28, 2014, at 9:00 a.m.** in Courtroom 7, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

      5.      Trial is rescheduled for **June 2, 2014**, in North Platte, Nebraska, before the Honorable Joseph F. Bataillon and jury.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 20th day of December, 2013.

                                          BY THE COURT:

                                          s/ Thomas D. Thalken
                                          United States Magistrate Judge